UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>Plaintiff,<br><br>v.<br><br>CATO IRS AGENT, et al.,<br><br>Defendants. | No. 2:17-cv-1818-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for lack of jurisdiction and failure to state a claim.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint is replete with redundant recitations of (largely incorrect) legal propositions, the majority of which have limited relevance to the complaint's limited factual allegations. *See generally* ECF No. 1. Liberally construed, plaintiff brings this action to challenge the Internal Revenue Service's ("IRS") assessment of his tax liability and its collection efforts. Plaintiff claims in June 2017, the IRS obtained a levy on his Social Security retirement benefits. *Id*. at 4. He claims, however, that prior to levying his benefits, the IRS never provided him with a notice of deficiency or an assessment of his tax liability, nor did the IRS provide prior notice of its intention to levy his retirement benefits.

In July 2017, plaintiff contacted the IRS and spoke with two IRS employees, defendants Cato and Stephney. The employees allegedly notified plaintiff that he had been mailed notices and that only some, but not all, of the notices had been returned as undeliverable. Plaintiff claims, however, that the IRS never sent him any notices. Plaintiff notes that he changed addresses on several occasions between 2010 and 2017, but claims that he would have received any mailed notices since he filed change of address forms with the United States Postal Service. *Id*. Plaintiff further claims that on other occasions he had telephone conversations with defendants Tudor and Rowble, both IRS employees. During those conversations plaintiff notified defendants Tudor and Rowble that he is a "Tax Avoider," not a taxpayer. *Id*. at 14-15. Plaintiff states that in response, these defendants threatened to hang up on plaintiff and were uncooperative and rude. *Id*. at 15.

The complaint purports to allege claims under 42 U.S.C. § 1983 for violation of plaintiff's right to due process against the United States, the United States Treasury, the Internal Revenue Service ("IRS"), and IRS employees Cato, Stephney, Tudor, and Rowble. Plaintiff also appears
/////

3

to claim that the levy served on the Social Security Administration is unlawful due to the IRS's failure to provide prior notice of intention to levy his retirement benefits.

Plaintiff's challenge of the assessment of his taxes and the levying of his social security benefits effectively seeks to enjoin the collection of his assessed taxes. The court, however, lacks subject matter jurisdiction over such a claim. "Actions to enjoin the assessment of taxes by the IRS are narrowly limited by the Anti-Injunction Act." *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Where the plaintiff's claims are barred by the Anti-Injunction Act, the court is without jurisdiction to hear the plaintiff's claims or grant relief. *Life Science Church v. Internal Revenue Service*, 525 F. Supp. 399, 404 (N.D. Cal. 1981).

The Supreme Court has recognized a narrow exception to the Anti-Injunction Act: "An injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." *Church of Scientology v. United States*, 920 F.2d 1481, 1485 (9th Cir. 1990) (quoting *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976)). In deciding whether the plaintiff has established that this exception applies, the court must construe the facts in the light most favorable to the government. *See C.I.R. v. Shapiro*, 424 U.S. 614, 628-29 (1976) (holding that plaintiff bears of the burden of demonstrating that the exception applies); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7-8 (1962) (holding that the court must view the facts in the light most favorable to the government).

Plaintiff's attempt to enjoin the IRS from levying his social security benefits clearly is aimed at restraining the collection of taxes. Furthermore, the complaint fails to demonstrate that under no circumstances could the government ultimately prevail. Accordingly, the court lacks jurisdiction to enjoin the IRS from levying plaintiff's social security benefits. *See Watkins v. Department of the Treasury*, 2016 WL 1573351, at *1 (S.D. Cal. Apr. 19, 2016) (holding that

plaintiff's challenge to the levying of his social security benefits was barred by the Anti-Injunction Act).

Plaintiff also fails to state a claim for damages under 42 U.S.C. § 1983 for violation of his due process rights. "[S]ection 1983 only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). The complaint only concerns conduct by federal actors acting under federal law. Accordingly, plaintiff fails to state a claim under section 1983.[2]

The complaint's allegations suggest that plaintiff may be attempting to allege a claim for damages under 26 U.S.C. § 7433 based on the IRS's alleged failure to provide him notices regarding the assessment of his tax liability and the IRS's intention to levy his social security benefits. Pursuant to 26 U.S.C. § 7433, a taxpayer may file a civil action for damages against the United States where the IRS or one of its employees "recklessly or intentionally, or by reason of negligence, disregard any provision of this title . . . ." Section 7433 provides the exclusive remedy for recovery damages based on improper collection activity. *Scwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000). It does not, however, permit a taxpayer to challenge the IRS's assessment of taxes. *Miller v. United States*, 66 F.3d 222-23 (9th Cir. 1995). To state a claim under § 7433, plaintiff must (1) allege tax collection activity that violates a provision of the Revenue Code or a regulation promulgated thereunder, and (2) that defendants acted recklessly, intentionally, or negligently in violating the code or regulation. *Scwarz*, 234 F.3d 433. Plaintiff must also specifically allege facts demonstrating that he exhausted his administrative remedies. 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(d)-(e)[3]; *Conforte v. United States*, 979 F.2d

---

[2] Although plaintiff does not purport to allege a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the individual IRS employees, he would be unable to do so. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) (holding that "the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens*" challenging the collection of taxes).

[3] The relevant regulations require taxpayer seeking to bring a claim under section 7433 to submit an administrative claim (1) "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides"; (2) provide the taxpayers person information; (3) state the "grounds, in reasonable detail, for the claim"; (4) including a

1375, 1377 (holding that district court lacked jurisdiction to hear plaintiff's § 7433 claim due to plaintiff's failure to exhaust her administrative remedies); *see also Clark v. United States*, 462 F. App'x 719, 721 n.1 (9th Cir. 2011) (citing *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254, (2010)) ("Even if the failure to exhaust administrative remedies is not technically jurisdictional, dismissal for failure to exhaust was still proper.").

Here, plaintiff fails to allege any facts showing that defendants acted recklessly, intentionally, or negligently in failing to provide him any notices required by the Revenue Code. Furthermore, he fails to allege that he exhausted his administrative remedies by submitting an administrative claim. Instead, the complaint demonstrates that plaintiff merely called the IRS to complain about the levying of his social security benefits and when such efforts did not resolve his dispute he filed the instant action. Accordingly, any claim under § 7433 must be dismissed. *See Clift v. United States Internal Revenue Services*, 214 F. Supp. 3d 1009 (W.D. Wash. 2016) (dismissing section 7433 claim where plaintiff's complaint was devoid of allegations indicating he exhausted administrative claims); *Petrillo v. United States*, 2017 WL 2413396, at *5-6 (S.D. Cal. May 31, 2017) (same).

The only remaining issue is whether plaintiff should be permitted an opportunity to amend his complaint. The complaint's allegations demonstrate that the crux of plaintiff's dispute with defendants is that he should not be required to pay taxes. As plaintiff explains it: (1) he is a "Tax Avoider," not a tax payer; (2) the Sixteenth Amendment applies only to corporations and not individuals; (3) the government's tax system is voluntary; and (4) plaintiff's social security benefits are not wages and therefore not subject to levy because they were obtained by plaintiff exercising his "inalienable common law right to trade [his] labor for compensation." ECF No. 1 at 11-15. These arguments have long been rejected as frivolous. *See In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989) ("We hardly need comment on the patent absurdity and frivolity of" plaintiff's argument that government lacks authority to impose income tax); *Carter v. Commissioner*, 784 F.2d 1006, 1009 (9th Cir. 1986) ("The assertion that proceeds received for

---

"description of the injuries incurred by the taxpayer filing the claim"; (5) "the dollar amount of the claim"; and (6) the "signature of the taxpayer." 26 C.F.R. § 301.7433-1(e).

| | |
|---|---|
| 1 | personal services cannot be given a 'zero-basis for the purpose of the assessment of taxation,' is |
| 2 | frivolous."); *Wilcox v. C.I.R.*, 848 F.2d 1007, 1008–09 (9th Cir. 1988) (rejecting arguments that |
| 3 | paying taxes if voluntary, placing burden of proof on taxpayer violates due process, and failing to |
| 4 | provide a taxpayer with an administrative fact finding hearing violates due process, and imposing |
| 5 | monetary sanctions for brining frivolous appeal). Given the frivolous nature of plaintiff's dispute, |
| 6 | granting leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. |
| 7 | 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend |
| 8 | should not be granted where it appears amendment would be futile). |

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE